**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0144n.06
Filed: February 21, 2007

**No. 06-5526**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| EVA FULKS, | ) | |
| | ) | **ON APPEAL** FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF | ) | **M E M O R A N D U M** |
| SOCIAL SECURITY, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellee. | ) | |

**BEFORE: NORRIS, COLE, and CLAY, Circuit Judges.**

**PER CURIAM.** Claimant Eva Fulks was born with a heart defect and has received Supplemental Security Income benefits for most of her life. In 2002, however, the Commissioner deemed her no longer disabled because her medical impairments had improved to the extent that her residual functional capacity allowed her to perform gainful activity. The district court affirmed the Commissioner's decision. Because her benefits have since been reinstated, this appeal concerns only the two-year period during which she did not receive them.

Claimant contends that the Commissioner's failure to provide a complete administrative record dating back to the 1970s, when she was first deemed to be eligible for benefits, denied her an opportunity for meaningful review. When the cessation of benefits is at issue, the central question is whether the claimant's medical impairments have improved to the point where she is able to

perform substantial gainful activity. 42 U.S.C. § 423(f). However, improvement is measured not from the initial award of benefits but from "the most recent favorable decision that you were disabled or continued to be disabled." 20 C.F.R. § 416.994(b)(1)(i). In this case, the last favorable decision prior to termination occurred in 1992. Hence, as the district court recognized, review of medical records dating back to the 1970s was not necessary to the analysis.

With this time frame in mind, we have reviewed the extensive medical record and the decision of the administrative law judge, which was summarily affirmed by the Appeals Council. We find substantial evidence to support the conclusion that, at the time of the decision below, claimant's condition had improved to the extent that she could perform unskilled, light work. *See generally Longworth v. Comm'r*, 402 F.3d 591, 595 (6th Cir. 2005) (Commissioner's decision must be affirmed unless she has applied the incorrect legal standard or has made factual findings that are unsupported by substantial evidence). For her part, claimant herself points to nothing in the administrative law judge's decision that represents an incorrect legal standard or an insufficiently supported factual finding.

The Commissioner's decision is **affirmed** based upon the reasoning contained in the decision of the administrative law judge dated April 7, 2004.